IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    Plaintiff,

v.                                                                  No. 22-cv-605-MIS-KBM

KRYSTAL RIVERA, *et al,*

    Defendants.

## ORDER DENYING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on Plaintiff Thomas O. Bastian's Motion Requesting Appointment of Counsel, filed September 13, 2022. (Doc. 4) (the "Motion to Appoint Counsel"). Also before the Court is Plaintiff's Motion for Leave to Extend Page Limit, filed August 15, 2022. (Doc. 3) (the "Motion to Exceed Page Limit"). Having considered these motions, the docket, and the relevant law, the Court will deny Plaintiff's Motion to Appoint Counsel and grant the Motion to Exceed Page Limit.

    I.        The Motion to Appoint Counsel Will Be Denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness[.]" *Toevs v. Reid*, 685 F.3d

903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's complaint, which is pending review pursuant to 28 U.S.C. § 1915A, does not appear particularly complex and Plaintiff has not demonstrated an inability to prosecute the action. The Court will therefore deny the Motion to Appoint Counsel.

II.     The Motion to Exceed Page Limit Will Be Granted.

Rule 7.5 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico provides that a motion must not exceed twenty-seven double spaced pages. Plaintiff's complaint comprises forty-two single-spaced pages. In the Motion to Exceed Page Limit, Plaintiff requests that the Court accept the Complaint as filed. The Court finds that this the request is well taken and should be granted. The Court will review Plaintiff's Complaint in its current form without requiring that it be amended pursuant to Local Rule 7.5 or Rule 8(a)(2) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that the Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Exceed Page Limit (Doc. 3) is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE