IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    Plaintiff,

v.                                                           Civ. No. 22-605 MIS/KK

KRYSTAL RIVERA, *et al.*,

    Defendants.

**ORDER GRANTING ENUMERATED DEFENDANTS'**
**MOTION TO STAY ON THE BASIS OF QUALIFIED IMMUNITY**

THIS MATTER comes before the Court on Enumerated[1] Defendants' Motion to Stay on the Basis of Qualified Immunity ("Motion to Stay"), filed June 21, 2023. (Doc. 51.) Enumerated Defendants filed a Notice of Completion of Briefing as to their Motion to Stay on July 13, 2023, noting that Plaintiff Thomas O. Bastian ("Plaintiff Bastian") had failed to respond. (Doc. 69.) The Court, having reviewed the motion and the relevant law, finds that Enumerated Defendants' Motion to Stay is well taken and should be GRANTED.

This District's local rules require that a response to a written motion be "served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). A party's failure to file a response opposing a motion within the prescribed time "constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Although the Court will liberally construe a *pro se* plaintiff's filings and hold them to less stringent standards than those of a lawyer, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), even *pro se* litigants "must follow the same rules of procedure that

---

[1] Enumerated Defendants include: Krystal Rivera, New Mexico Corrections Department, Alisha Tafoya Lucero, Timothy Hatch, Matthew Montoya, Heather Jaramillo, Mike Martin, Bryan Newton, Cecilia Baker, Steve Madrid, Cheyenne Garza, Cheryl Frazier, Jose Angel, Sean Martinez, Christian Trujillo, Timothy Hernandez, Phyl Bean, Teresa Bittinger, Eva Cryer, Joseph McGehee, and Alexa McGehee. (Doc. 69 at 1 n.1.)

govern other litigants," *see Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994) (quotation omitted).

Here, Enumerated Defendants filed their Motion to Stay on June 21, 2023 (Doc. 51), and Plaintiff Bastian was served with a copy of the motion through the United States Mail at ADCRR Eyman/SMU1, P.O. Box 4000, Florence AZ 85132. (*Id*. at 4.) Plaintiff Bastian had through July 10, 2023, to file a reply but failed to do so. See D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). It is now one week past the prescribed time for Plaintiff Bastian to file a response, and his failure to respond constitutes consent to grant the motion. See D.N.M. LR-Civ. 7.1(b).

Enumerated Defendants seek an order staying this case in its entirety pending resolution of their Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity (Doc. 50), in which they assert that certain Enumerated Defendants are entitled to qualified immunity on certain claims. (Doc. 51 at 1-2.) "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). "The privilege 'is an *immunity from suit* rather than a mere defense to liability[.]'" *Id*. (quoting *Mitchell*, 472 U.S. at 526). The doctrine of qualified immunity protects government officials not only from the costs associated with trial, but also from "the other burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at 526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

Accordingly, to preserve the benefits of the qualified immunity defenses raised by the Enumerated Defendants in this case and to minimize costs in accordance with the Civil Justice Reform Act, 28 U.S.C. § 471, this matter will be stayed pending the disposition of Enumerated

Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity (Doc. 50).

IT IS THEREFORE ORDERED that Enumerated Defendants' Motion to Stay on the Basis of Qualified Immunity (Doc. 51) is GRANTED. This matter is STAYED until Enumerated Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity (Doc. 50) is decided.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE