IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    Plaintiff,

v.                                                    Civ. No. 22-605 MIS/KK

KRYSTAL RIVERA, *et al.*,

    Defendants.

**ORDER GRANTING EXTENSION OF TIME
TO RESPOND TO MOTION TO DISMISS**

THIS MATTER is before the Court on Plaintiff[']s Third Request for Extension of Time to File Response to Defendants['] Motion for Partial [] Dismissal & Qualified Immunity (Doc. 83), filed September 25, 2023. "Enumerated Defendants"[1] timely filed a response in opposition to the motion on September 28, 2023. (Doc. 85.) As explained below, having reviewed the parties' submissions, the record, and the relevant law, the Court FINDS that the motion is well-taken and should be GRANTED.

In his motion, Plaintiff requests an extension of time until October 10, 2023, to file a response to Enumerated Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity (Doc. 50), which was filed on June 20, 2023. (Doc. 83 at 1.) The Court has previously extended the deadline for Plaintiff to respond to this dispositive motion twice, most recently setting the deadline for September 13, 2023. (Docs. 62, 80.) In his motion, Plaintiff asserts that he needs an additional extension of time because he was "bed-ridden for over two full weeks and has been recuperating from lingering symptoms" due to a COVID-19 infection. (Doc. 83.) The Enumerated Defendants oppose the requested extension. (Doc. 85.)

---

[1] The "Enumerated Defendants" are the New Mexico Corrections Department and Defendants Rivera, Tafoya Lucero, Hatch, Montoya, Jaramillo, Martin, Newton, Baker, Madrid, Garza, Frazier, Angel, Martinez, Trujillo, Hernandez, Bean, Bittinger, and Cryer. (Doc. 85 at 1 n.1.)

First and foremost, the Court finds that Plaintiff has adequately demonstrated good cause and excusable neglect for failing to either (1) timely respond to the Enumerated Defendants' dispositive motion or (2) seek an extension of time in which to do so. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect."). The Enumerated Defendants have presented no evidence or argument to refute Plaintiff's plausible assertions regarding his COVID-19 illness. (*See generally* Doc. 85.) Further, notwithstanding the Enumerated Defendants' cursory argument to the contrary, (*id.* at 7), the Court is not persuaded that the requested extension will unfairly prejudice these Defendants. The requested extension is for less than a month, and this matter is presently stayed pending resolution of the Enumerated Defendants' dispositive motion. (Doc. 71.) Finally, the Court notes the Tenth Circuit's "strong preference" for the disposition of claims on their merits. *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) (per curiam).

IT IS THEREFORE ORDERED that Plaintiff[']s Third Request for Extension of Time to File Response to Defendants['] Motion for Partial [] Dismissal & Qualified Immunity (Doc. 83) is GRANTED. Plaintiff shall file his response to Enumerated Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity (Doc. 50) on or before **Tuesday, October 10, 2023**.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE