IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

     Plaintiff,

v.                                                            No. 1:22-cv-00605 MIS/KK

KRYSTAL RIVERA, NEW MEXICO CORRECTIONS DEPARTMENT, WEXFORD HEALTH SOURCES, INC., ALISHA TAFOYA-LUCERO, STEVEN MADRID, TIMOTHY HATCH, MATTHEW MONTOYA, TERESA BITTINGER, HEATHER JARAMILLO, MIKE MARTIN, EVA CRYER, CHRISTIAN TRUJILLO, ALEXIS MCGHEE, CHEYENNE GARZA, TIMOTHY HERNANDEZ, SEAN MARTINEZ, RYAN BOYD, UNKNOWN NEWTON, DAVID JACKSON, UNKNOWN ANGEL, JAMES MIZE, P. BEAN, CECILIA BAKER, JOHN/JANE DOE, Nurse, and C. FRASIER,

     Defendants.

**ORDER DENYING PLAINTIFF'S MOTION RQUESTING EXTENSION OF TIME, ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND FOR QUALIFIED IMMUNITY**

**THIS MATTER** is before the Court on United States Magistrate Judge Kirtan Khalsa's Proposed Findings and Recommended Disposition ("PFRD") filed August 7, 2024. ECF No. 92. Judge Khalsa recommends granting in part and denying in part Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity. ECF No. 50. Defendants filed no objections to the PFRD.

On August 23, 2024, the Court issued an Order granting in part Plaintiff's request for an extension of time to file objections to the PFRD, and providing Plaintiff until and including

September 18, 2024, to file objections. ECF No. 95. The Court's Order specifies: "The Objections **must be received by the Court on or before September 18, 2024**, so Plaintiff shall take into consideration the amount of time it will take the mail carrier to deliver the Objections to the Court." *Id.* (emphasis in original). To date, the Court has not received objections from Plaintiff.

On September 19, 2024, the day after any objections were due, the Court received Plaintiff's Second Motion Requesting Extension of Time to File Response and Objections to Magistrate Judge's Proposed Findings and Recommended Disposition. ECF No. 96. This motion is untimely. Plaintiff has had 42 to days in which to make objections. As of this date, Plaintiff has provided no indication of what his legal and factual objections may be. *See* ECF No. 94; ECF No. 96. In any event, as ordered below, several claims remain, Plaintiff will have an opportunity to amend his complaint as to certain claims, and some claims are dismissed without prejudice.

The failure to make timely objections to the Magistrate Judge's Proposed Findings and Recommended Disposition waives appellate review of both factual and legal questions. *U.S. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996). Upon review of the record, the Court concurs with the Magistrate Judge's findings and recommendations.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion Requesting Extension of Time to File Response and Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, ECF No. 96, is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition, ECF No. 92, are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Partial Motion to Dismiss Complaint for Violation of Civil Rights and for Qualified Immunity, ECF No. 50, is **GRANTED in part** and **DENIED in part** as follows:

1. The following claims are **DISMISSED with prejudice**:

    a. Claim Five, including any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants;

    b. Plaintiff's Retaliatory Due Process claims arising out of the alleged mishandling of his grievances and the alleged ban prohibiting mail between him and his fiancée, including any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants;

    c. The parts of Claim Eight incorporating (1) the allegations in Claims One through Five, (2) the allegations in the Retaliatory False Disciplinary and Retaliatory Threats to Personal Safety sections of Claim Seven, and (3) the allegations in Plaintiff's Retaliatory Due Process claims, including any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants; and

    d. All of Plaintiff's claims for money damages under 42 U.S.C. § 1983 against Defendants Madrid and Frazier;

2. The following claims are **DISMISSED without prejudice**:

    a. Claims Two, Three, Four, and Six against all NMCD Defendants;

    b. Plaintiff's Retaliatory Due Process claims arising out of the alleged mishandling of disciplinary proceedings against him, including any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants;

    c. Plaintiff's Fourteenth Amendment Retaliatory Due Process claims arising out of the alleged ban prohibiting visitation between him and his fiancée, including

  any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants;

 d. The parts of Claim Eight incorporating the allegations in Claim Six and the allegations in the Retaliatory Due Process claims, including any supervisory liability and conspiracy claims asserted therein, against all NMCD Defendants;

 e. Plaintiff's claims for money damages under 42 U.S.C. § 1983 against Defendants Tafoya Lucero, Bean, and Baker, to the extent his claims against these Defendants have not been dismissed with prejudice; and

 f. Plaintiff's claims for money damages under 42 U.S.C. § 1983 against the NMCD and the individual NMCD Defendants sued in their official capacity;

3. Plaintiff's requests for declaratory and injunctive relief are **DISMISSED AS MOOT**, and, with respect to his request for injunctive relief, for failure to state a claim; and

4. Plaintiff has 30 days to file a motion for leave to amend his Complaint to state a plausible claim as to:

 a. His Retaliatory Due Process claims arising out of the alleged mishandling of disciplinary proceedings against him;

 b. His Fourteenth Amendment Retaliatory Due Process claims arising out of the alleged ban prohibiting visitation between him and his fiancée;

 c. The parts of Claim Eight incorporating the allegations in Claim Six and the allegations in the parts of Claim Seven; and

 d. His claims for money damages under 42 U.S.C. § 1983 against Defendants Tafoya Lucero, Bean, and Baker, to the extent his claims against these Defendants have not been dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Motion, ECF No. 50, is otherwise **DENIED**, and the following claims remain:

1. All claims against Defendants Wexford Health Sources, Inc. and the Doe nurse;

2. Claim One (Cruel & Unusual Punishment in Violation of the Eighth Amendment) for money damages under 42 U.S.C. § 1983 against Defendants Jaramillo, Garza, Newton, Martinez, Hernandez, Martin, Trujillo, Montoya, Boyd, Angel, J. McGehee, and Hatch in their individual capacities;

3. Plaintiff's First Amendment Retaliatory Due Process claims for money damages under 42 U.S.C. § 1983 against Defendants Jaramillo and Hatch in their individual capacities based on the alleged ban prohibiting visitation between Plaintiff and his fiancée; and

4. All sections of Claim Seven, other than the section entitled Retaliatory Due Process, for money damages under 42 U.S.C. § 1983 against Defendants Jaramillo, Garza, Newton, Martinez, Hernandez, Martin, Trujillo, Montoya, Boyd, Angel, J. McGehee, Rivera, Mize, Jackson, Cryer, A. McGehee, Bittinger, and Hatch in their individual capacities.

_Margaret Strickland_
_____
MARGARET I. STRICKLAND
UNITED STATES DISTRICT JUDGE