IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    Plaintiff,

v.                                                                                          Civ. No. 22-605 MIS/KK

KRYSTAL RIVERA, *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Before the Court are: (1) the Court's Order to Show Cause (Doc. 112) ("Show-Cause Order"), filed June 20, 2025; and, (2) NMCD Defendants' Notice of Phone Call from Plaintiff (Doc. 114) ("Notice of Phone Call"), filed June 27, 2025. By an Order of Reference filed on April 11, 2023, the Court referred this matter to me to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 10.) Having carefully reviewed the parties' submissions, the record, and the relevant law, and being otherwise sufficiently advised, I recommend that the Court DIMISS Plaintiff's remaining claims WITHOUT PREJUDICE for failure to prosecute this action.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a claim or action for a plaintiff's failure to prosecute it. Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").

Here, the record shows that Plaintiff has failed to prosecute this action for many months. The last document Plaintiff filed in this case was a "Notice of Change of Address and Request for

Relief" (Doc. 100) ("Notice and Request"), which he filed nearly a year ago on October 25, 2024. In his Notice and Request, Plaintiff informed the Court that he had been transferred to the custody of the Idaho Department of Corrections ("IDC") and that his address had changed to: Thomas Bastian, IDOC #160144, ISCI-15-A-6, P.O. Box 14, Boise, Idaho 83707.[1] (*Id.* at 1-2.) He also asked the Court to extend the deadline for him to file a motion to amend his complaint to revise claims the Court had previously dismissed without prejudice. (*Id.* at 2; *see* Doc. 99 at 3-4.) On November 8, 2024, the Court granted Plaintiff's request and ordered him to file his motion to amend by December 5, 2024. (Doc. 102 at 1.) However, to date, Plaintiff has not filed a motion to amend, nor has he requested another extension of time in which to do so.

On May 16, 2025, the remaining New Mexico Corrections Department ("NMCD") Defendants filed a motion to extend the deadline for filing their *Martinez* Report. (Doc. 107.) Plaintiff did not respond to this motion within the time allowed by the Federal Rules of Civil Procedure and this Court's Local Rules. *See generally* D.N.M.LR-Civ. 7.4(a) (response to motion must be filed within 14 days after service of motion); Fed. R. Civ. P. 6(d) (when service is by mail, three days are added to time period within which party must act). Indeed, Plaintiff did not respond to the motion at any time before the Court granted it on June 9, 2025. (Doc. 109.)

On June 18, 2025, Defendant Wexford Health Sources, Inc. filed a Notice of Nonavailability of Plaintiff and Request for Expedited Ruling on Motion (Doc. 111) ("Notice of Nonavailability"), in which it indicated that Plaintiff was no longer available at his address of record and requested an expedited ruling on its pending motion for an extension of time to file its

---

[1] From October 25, 2024 to June 20, 2025, the Court's docket included a one-letter typographical error in Plaintiff's address of record. (Doc. 112 at 1 n.1.) Specifically, the docket indicated that Plaintiff is at "IS**G**I 15-A-6" but his Notice and Request indicates that he is at "IS**C**I-15-A-6." (*Id.*) Although the typographical error did not appear to have prevented the Court's mailings from getting to the address Plaintiff listed in his Notice and Request, on June 20, 2025, the Court directed the Clerk to correct the typographical error and re-send copies of all documents filed in this matter from October 25, 2024 to June 20, 2025, to Plaintiff at the corrected address. (*Id.* at 4.)

*Martinez* Report. In support, Defendant asserted and presented evidence that: (1) Plaintiff is no longer in NMCD custody; (2) Plaintiff is not listed on the IDC's inmate list; and, (3) Plaintiff, an inmate of the Arizona Department of Corrections ("ADC"), is listed on that department's website as having no available mailing address.[2] (*Id.* at 1-9.) To date, however, Plaintiff has neither refuted Defendant's representations nor updated his contact information of record as required by Local Rule 83.6. *See* D.N.M.LR-Civ. 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses, telephone numbers, facsimile numbers, or electronic addresses.").

In light of Plaintiff's failures to participate up to that time, on June 20, 2025, the Court issued its Show-Cause Order directing Plaintiff, by July 21, 2025, to "file a written show-cause response … in which he shall show cause why the Court should not deem his failures to participate in this action … a failure to prosecute this action and consent to its dismissal." (Doc. 112 at 4.) The Court warned Plaintiff that, if he failed to timely respond to the Show-Cause Order, "the Court may dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice." (*Id.*) Nevertheless, to date, Plaintiff has filed no response to the Show-Cause Order.

On June 27, 2025, the NMCD Defendants filed their Notice of Phone Call. (Doc. 114.) In it, the NMCD Defendants informed the Court that, on June 23, 2025, the ADC Interstate Compact Coordinator told their counsel that he believed Plaintiff was in the hospital in Idaho and would let counsel know the location once he had determined it. (*Id.* at 2.) However, by the time Defendants filed their Notice, he had not done so. (*Id.*) The NMCD Defendants further informed the Court that Plaintiff called their counsel on June 26, 2025, and said that: (a) he had been in the hospital for

---

[2] Plaintiff has been housed in states outside of Arizona pursuant to the Western Interstate Corrections Compact. (Doc. 92 at 1 n.1.)

3

four-and-a-half weeks and remained there at the time of the call; (b) he was "partially paralyzed" and could not write; (c) he believed he would be transferred to a rehabilitation facility soon; (d) he was notified he had legal mail he had not received; and, (e) he did not know what address to provide to the Court. (*Id.* at 1.) Counsel informed Plaintiff of the Show-Cause Order and read portions of it to him, including the portion requiring him to file a response. (*Id.* at 1-2.) Counsel suggested that Plaintiff contact the Court by e-mail copied to counsel of record. (*Id.* at 2.) Nevertheless, there is no indication in the record that Plaintiff followed this suggestion, nor is there any indication that he contacted the Clerk to update his contact information or explain why he could not do so.

In their Notice of Phone Call, the NMCD Defendants also pointed out that while failing to prosecute this action, Plaintiff has continued to participate in other civil litigation, namely, *Bastian v. Evans, et al.*, Civ. No. 22-1855 GMS/JZB (D. Ariz.) ("*Evans*"). (Doc. 114 at 2-3.) Indeed, the Court notes that, in *Evans*, Plaintiff appeared for a Rule 16 Settlement Conference by video as recently as September 22, 2025. *Evans*, Civ. No. 22-1855 GMS/JZB (Doc. 128, filed Sept. 22, 2025).

In sum, the record reflects that Plaintiff has failed to participate in this litigation for almost a year, failed to timely respond to the Court's Show-Cause Order, and failed to keep the Clerk informed of his current contact information as required by Local Rule 83.6, despite the fact that he has been able to participate in other civil litigation during this time period. The Court should therefore deem Plaintiff's long silence a failure to prosecute and should dismiss Plaintiff's remaining claims without prejudice under Rule 41(b).

As the Court pointed out in its Show-Cause Order, a dismissal without prejudice may be entered "without attention to any particular procedures," such as an evaluation of the "*Ehrenhaus*

4

factors."³ (Doc. 112 at 3); *see Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). However, as the Court further noted, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." (Doc. 112 at 3); *see AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Thus, in its Show-Cause Order, the Court invited Plaintiff to address in his response "(1) whether dismissal of this action without prejudice would have the practical effect of a dismissal with prejudice because one or more applicable statutes of limitations have expired, and if so, (2) how the *Ehrenhaus* factors should be evaluated." (Doc. 112 at 3.) The Court cautioned Plaintiff that if he did not address these issues in his show-cause response, he could be deemed to have waived them. (*Id.*) Nevertheless, again, Plaintiff has not filed a response to the Court's Show-Cause Order.

For all of the above reasons, I RECOMMEND that the Court deem Plaintiff's failures to participate in this action as described herein, including but not limited to his failure to file a response to the Court's Show-Cause Order, a failure to prosecute the action and consent to its dismissal without prejudice under Federal Rule of Civil Procedure 41(b).

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

³ The *Ehrenhaus* factors are: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the plaintiff's culpability; (4) whether the court warned the plaintiff in advance that dismissal of the action would be a likely sanction for the plaintiff's conduct; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**