IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS O. BASTIAN,

    Plaintiff,

v.   No. 1:22-cv-00605-MIS-KK

KRYSTAL RIVERA, NEW MEXICO CORRECTIONS DEPARTMENT, WEXFORD HEALTH SOURCES, INC., ALISHA TAFOYA-LUCERO, STEVEN MADRID, TIMOTHY HATCH, MATTHEW MONTOYA, TERESA BITTINGER, HEATHER JARAMILLO, MIKE MARTIN, EVA CRYER, CHRISTIAN TRUJILLO, ALEXIS MCGEHEE, J. MCGEHEE, CHEYENNE GARZA, TIMOTHY HERNANDEZ, SEAN MARTINEZ, RYAN BOYD, UNKNOWN NEWTON, DAVID JACKSON, UNKNOWN ANGEL, JAMES MIZE, P. BEAN, CECILIA BAKER, JOHN/JANE DOE, Nurse, and C. FRASIER,

    Defendants.

## ORDER REJECTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND RECOMMITING THE MATTER TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS

**THIS MATTER** is before the Court on United States Magistrate Judge Kirtan Khalsa's Proposed Findings and Recommended Disposition ("PFRD"), issued October 15, 2025. ECF No. 115. Therein, Judge Khalsa recommends that the Court dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. Id. at 1, 5. On November 2, 2025, Plaintiff filed Objections, ECF No. 118, to which Defendants filed Responses, ECF No. 136, 137. Upon review of the PFRD, the Parties' submissions, the record, and the relevant law, the Court will **REJECT** the PFRD and **RECOMMIT** this matter to the Magistrate Judge for further proceedings.

I.        **Relevant Background**

On August 15, 2022, pro se Plaintiff Thomas O. Bastian filed a Complaint for Civil Rights Violations pursuant to 42 U.S.C. § 1983 regarding events that occurred between January and December 2020. ECF No. 1 at 11. The Complaint names as Defendants the New Mexico Corrections Department and certain individuals employed thereby ("NMCD Defendants"), and Wexford Health Sources, Inc. ("Wexford"). Id. at 2-10. On April 11, 2023, the Court referred this case to the Magistrate Judge "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." ECF No. 10 at 1.

On October 25, 2024, Plaintiff filed a Notice of Change of Address in which he requested an extension of the deadline to file an amended complaint. ECF No. 100. On November 8, 2024, Judge Khalsa granted Plaintiff's request and ordered "that Plaintiff shall have until **December 5, 2024**, to file a motion for leave to amend his Complaint." ECF No. 102 at 1. However, Plaintiff did not file a motion for leave to amend his complaint.

Between November 8, 2024 and May 2, 2025, the only document filed on the docket was a Notice of Unavailability filed by counsel for the NMCD Defendants. ECF No. 103.

On May 2, 2025, Judge Khalsa ordered Defendants to file a Martinez Report.[1] ECF No. 104. On May 16, 2025, the NMCD Defendants filed a Motion to Extend the Deadline for Defendants to File the Martinez Report, ECF No. 107, to which Plaintiff did not respond. Judge Khalsa granted the Motion and extended the deadline to file the Martinez Report to August 8, 2025. ECF No. 109.

---

[1] See Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978).

On June 16, 2025, Wexford filed a Motion to Extend the Deadline for Defendants to File the Martinez Report. ECF No. 110.

On June 18, 2025, Wexford filed a Notice of Nonavailability of Plaintiff and Request for Expedited Ruling on Motion. ECF No. 111. Therein, Wexford states that it "has attempted to find Plaintiff Thomas Bastian, who has not responded to any orders of the Court or motions by defendants since October of 2024 and it has come to Wexford's attention that Plaintiff is no longer in the custody of Idaho Department of Corrections." Id. at 1. Wexford explained that it did "not know Plaintiff's location and has no way to contact him . . . ." Id. at 2.

On June 20, 2025, Judge Khalsa issued an Order to Show Cause and Order Vacating Martinez Report Deadlines ("Order to Show Cause"). ECF No. 112. Therein, Judge Khalsa stated that "the record reflects that Plaintiff has failed to participate in this litigation for many months and that he may have failed to keep the Court informed of his current address as required by Local Rule 83.6." Id. at 3. She ordered Plaintiff to "show cause, in writing, why the Court should not deem his long silence a failure to prosecute this action and consent to the dismissal of his remaining claims." Id. She warned Plaintiff that failure to timely respond to the Order to Show Cause may result in dismissal without prejudice under Rule 41(b). Id. at 4.

On June 27, 2025, counsel for the NMCD Defendants filed a Notice of Phone Call from Plaintiff and Request Regarding Setting Any Future Deadlines. ECF No. 114. Therein, counsel for the NMCD Defendants stated that she received a phone call from Plaintiff indicating, inter alia, that he had been in the hospital for several weeks, was paralyzed and cannot write, was aware that he had received legal mail at his prison of confinement but had not received the mail in the hospital, and did not know his current address. Id. at 1. Counsel for the NMCD Defendants further stated

that she informed Plaintiff of the Order to Show Cause and read to Plaintiff portions of that Order. Id. at 1-2. However, Plaintiff did not respond to Judge Khalsa's Order to Show Cause.

On October 15, 2025, Judge Khalsa issued the instant PFRD recommending that the Court dismiss this action without prejudice under Rule 41(b) for failure to prosecute. ECF No. 115.

On November 3, 2025, Plaintiff filed Objections to the PFRD arguing that he has not failed to prosecute this case. ECF No. 118. For example, he argues that although the Court granted him leave to file an amended complaint by December 5, 2024, "the Court did not mandate that the Plaintiff do so[,]" and he simply chose not to. Id. at 2. After that, there was nothing for Plaintiff to respond to until the NMCD Defendants' May 16, 2025 Motion to Extend the Deadline for Defendants to File the Martinez Report. Id.

However, in early April 2025, Plaintiff suffered a catastrophic spinal cord injury rendering him permanently paralyzed from his chest down, including his left arm, and causing a host of other medical issues. Id. at 3-5. Plaintiff was in an intensive care unit until June 30, 2025 when he was transferred to a new facility. Id. at 4. On August 7, 2025, he was transferred again. Id. In September 2025, he was transferred back to a prison medical facility. Id. at 5.

Plaintiff asserts that he was physically unable to respond to Defendants' May 16 and June 16, 2025 Motions to Extend the Deadline for Defendants to File the Martinez Report, and even if he had been able he would not have opposed them. Id. at 10. Plaintiff asserts that he "is still medically/physically unable to respond himself" and is relying on the assistance of an employee of the long-term medical care unit he is currently housed in. Id. at 11-12. He argues that he has not failed to prosecute this case, he has simply been unable to. Id. at 12. He further argues that at this point a dismissal without prejudice would have the same effect as a dismissal with prejudice because the statute of limitations has expired on his claims. Id. at 16.

4

On December 15 and 17, 2025, Wexford and the NMCD Defendants, respectively, filed Responses to Plaintiff's Objections, arguing that dismissal for lack of prosecution is warranted. ECF Nos. 136, 137.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may refer prisoner petitions challenging conditions of confinement to a magistrate judge for proposed findings of fact and recommendations for disposition.  See also Fed. R. Civ. P. 72(b)(1).

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); see also Fed. R. Civ. P. 72(b)(2)-(3).

## III.  Discussion

Judge Khalsa recommends dismissing this case pursuant to Rule 41(b) for Plaintiff's failure to prosecute.  PFRD at 5.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)). "Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571

5

F.3d 1058, 1059 (10th Cir. 2009). However, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009). "[D]ismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort." Davis, 571 F.3d at 1061. Before ordering dismissal with prejudice under Rule 41(b), courts consider

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted). It is "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits [that] dismissal [is] an appropriate sanction." Id. Ultimately, "[i]t is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice." Id. at 918.

Here, it appears that a dismissal without prejudice would have the effect of a dismissal with prejudice because the three-year statute of limitations applicable to Section 1983 actions has expired on Plaintiff's claims, which arose between January and December 2020. See Compl. at 11; Herrera v. City of Espanola, 32 F.4th 980, 989 (10th Cir. 2022) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims.").

After considering the Ehrenhaus factors, the Court does not conclude that the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits, or that dismissal would satisfy the interests of justice. Petitioner filed his Complaint on August 15, 2022.

6

ECF No. 1.  Thereafter, Plaintiff participated in this case, filing several motions for extension of time, ECF Nos. 58, 77, 83, 94, 96, and two Notices of Change of Address, ECF Nos. 88, 100.  In his October 25, 2024, Notice of Change of Address, Plaintiff requested an extension of the deadline to file an amended complaint.  ECF No. 100 at 2.  Judge Khalsa granted that request and ordered "that Plaintiff shall have until **December 5, 2024**, to file a motion for leave to amend his Complaint."  ECF No. 102 at 1.  Although Plaintiff did not ultimately file a motion for leave to amend the Complaint, Judge Khalsa's order did not require him to.

After that, there was nothing filed on the docket requiring a response from Plaintiff until Judge Khalsa's June 20, 2025 Order to Show Cause.[2]  ECF No. 112.  Although Judge Khalsa warned Plaintiff that failure to respond to her Order to Show Cause may result in dismissal, ECF No. 112 at 4, the Court is persuaded that Plaintiff's failure to respond was not a willful (or "culpable") abandonment of his case or interference with the judicial process.  Rather, it appears that Plaintiff has suffered a catastrophic injury that has severely hampered his ability to litigate this case.  See Obj. at 3-12; Decl. of Thomas O. Bastian, ECF No. 118 at 20-25; Med. Records, ECF No. 118 at 27-31.  He states that he "was medically/physically unable to respond" to the Order to Show Cause and that he "absolutely would have responded to this Order."  Id. at 11.  The Court is inclined to believe him.  Indeed, one week after Judge Khalsa issued the Order to Show Cause, Plaintiff called counsel for the NMCD Defendants to tell her that he had been in the hospital for several weeks, was paralyzed and could not write, was aware that he had received legal mail at his

---

[2] Although the NMCD Defendants and Wexford filed Motions to Extend the Deadline for Defendants to File the Martinez Report on May 16 and June 16, 2025, respectively, ECF Nos. 107, 110, Plaintiff was not required to respond to those Motions, and he asserts that even if he had been physically able to respond he would not have opposed those Motions.  Obj. at 10.

7

prison of confinement but had not received the mail in the hospital, and did not know his current address.  ECF No. 114 at 1.

Although Wexford argues that it was prejudiced by being unable to prepare a <u>Martinez</u> Report because it could not locate Plaintiff, its inability to locate him appears to be attributable to his transfer between medical facilities precipitated by a catastrophic spinal cord injury, and not to any culpable conduct.  And in any event, Plaintiff recently filed a Notice of Change of Address providing an Arizona address.  ECF No. 130.  Therefore, Defendants should now be able to prepare a <u>Martinez</u> Report.

In sum, the Court finds that a Rule 41(b) dismissal for failure to prosecute is unwarranted at this time.  However, if Plaintiff's condition, while truly unfortunate, significantly interferes with the judicial process moving forward, the Court may revisit this finding.

### IV.   Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition issued on October 15, 2025, ECF No. 115, is **REJECTED**; and

2. This matter is **RECOMMITED** to the Magistrate Judge for further proceedings.

*Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE